BURRINGTON ANTHONY *vs.* WILLIAM COMSTOCK.

The defendant gave the following receipt : " Received of Burrington Anthony, United States Marshal for the Rhode-Island District, four hundred tons of hard coal, the property of the New Jersey Steam Navigation Company, which has this day been attached by the said Marshal, in a libel suit, wherein Jonathan P. Felt is libellant and the New Jersey Steam Navigation Company are respondents. I hereby promise to return said coal to said Marshal, on demand, or pay the amount that may be awarded on final judgment in the said case of said J. P. Felt vs. New Jersey Steam Navigation Company, together with cost growing out of said libel, (signed,) William Comstock, Agent." The coal was burned by the defendant. Judgment having been recovered against the New Jersey Steam Navigation Company for $5,155 50 debt and $364 20 costs, the defendant refused to pay said judgment with costs, but offered to pay the value of the coal, with interest, or return the same quantity of coal of the same kind and quality ; *held*, that the defendant was liable to pay the full amount of said judgment with costs.

*Held*, further, That as the contract did not purport to be made by the defendant as agent of the New Jersey Steam Navigation Company, the defendant was personally liable, and could not show by parol evidence that he contracted as agent.

THIS was an action of assumpsit on the receipt hereinafter described, and was submitted to the Court on the following agreed statement of facts :

" The parties agree that the paper, a copy of which is hereunto annexed, was executed by the ; defendant that he was, at the time of its execution, the general agent at

Providence, of the New Jersey Steam Navigation Company ; that the coal in said paper mentioned, was burnt after its delivery to the defendant, by said New Jersey Steam Navigation Company in their steamboats ; that its value at the time of the delivery, was two thousand dollars. The amount of the judgment recovered in the libel upon which the same was attached, was $5,156 50 debt and $364 20, cost. And the costs of execution and Marshal's fees were $     That said judgment is now in force. That demand was made of said Comstock for said coal on 11th of October, 1849, or for the amount of said judgment and costs. And the defendant refused to pay said judgment and costs ; but offered to pay the value of the coal with interest, or return the same quantity of coal of the same kind and quality, as might be preferred by said Anthony. The parties admit that the within facts are true, but reserve on either side, all right of objection to their legal admissibility, or legal effect as evidence."

Copy of the receipt :—

" PROVIDENCE, October 11, 1845.

Received of Burrington Anthony, United States Marshal for the Rhode-Island District, four hundred tons of hard coal, the property of the New Jersey Steam Navigation Company, which has this day been attached by the said Marshal on a libel suit, wherein Jonathan P. Felt, is libellant, and the New Jersey Steam Navigation Company, are respondents. I hereby promise to return said coal to said Marshal, on demand, or pay the amount that may be awarded on final judgment in the said case of said J. P. Felt vs. New Jersey Steam Navigation Company, together with costs growing out of said libel.

Signed,     WILLIAM COMSTOCK, Agent."

BRADLEY, for the plaintiff, contended.

The defendant is personally liable in this contract. If a person will excuse himself on account of agency, he must disclose the name of his principal at the time of the contract. If the agent binds himself personally, and engages expressly in his own name, he will be held personally, although he gives himself the description of agent. (2 Kent's Com. 631.) *Thompson vs. Davenport,* (2 Smith ; leading cases 253.)

And when a party makes a contract as agent to bind another, it is necessary that the name of the principal should appear in the contract. Such a contract cannot be explained by parol evidence. *Stackpole vs. Arnold,* (11 Mass. R. 27.) *Pentz vs. Stanton,* (10 Wendell, R. 271.)

The defendant bound himself by this receipt to return the coal, or to pay the amount of the judgment.

The whole current of authorities is, that the parties in a receipt for goods attached, may fix the value in the property, and the receipt is conclusive evidence of such value. (*Bruce vs. Pettingal,* (12 New-Hampshire R. 341.) *Morrison vs. Blodgett, et al.,* (8 New-Hampshire R. 238.) *Jewett vs. Torrey,* (11 Mass. R. 219. *Phillips vs. Hall,* (8 Wendell R. 610.) *Bridge vs. Wyman et al.,* (14 Mass. R. 190.) Story on Bailment, 95. *Jones vs. Gilbert,* (13 Connecticut R. 521.) *Jones vs. Richardson,* (10 Metcalf R. 481.)

AMES, for the defendant, contended that the liability of the receiptor was limited by the liability of the officer, not exceeding the value of the property ; and, in support of and to illustrate this point, cited *Fowler vs. Pindar,* (19 Maine R. 420.) *Case vs. Farely,* (12 Maine R. 331.) *Webb vs. Steel,* (13 New Hampshire.) *Far-*

*num vs. Carey,* (15 Maine R. 79.) *Pierce et al. vs. Strickland,* (2 Story, R. 292.) *Sibley vs. Story,* (8 Vermont R. 15.) *Lowrey vs. Stevens,* (6 Vermont R. 117.) *Catlin vs. Lowrey,* (1 Chitman R. 397.) *Sawyer vs. Mason,* (19 Maine R. 49.)

If the attaching creditor had sued the officer, he could recover only the value of the property. The rule of damages is precisely the same in this case, as the plaintiff sues as trustee.

If, therefore, the defendant is liable at all, he is only liable for the value of the property at the time of the attachment, with interest from the time of the demand.

This coal was received by the defendant to be burned, and being a consumable article, was not to be returned in specie, but in kind. The principle of *mutuum* is not applied merely to cases of loan, but to other cases where the article is of a consumable character. (Story on Bailments, sec. 415, 439, 370.)

The time, place and mode of restitution should be governed by the circumstances of each particular case.

In regard to the question whether the defendant was personally liable, the counsel admitted that the agent must have power to bind his principal, and must disclose the name of his principal, if he would make him alone liable. The rule is more stringent in regard to sealed instruments, than in relation to parol contracts. Admitting that this receipt cannot be varied by parol evidence, yet it recites that this property is the property of the New-Jersey Steam Navigation Company. The defendant was general agent of this company, and to provide coal was within the scope of his authority. The disclosure of the company appears on the face of this

paper. It is implied by the paper itself, that the defendant was agent of this company.

The difference between sealed and unsealed instruments is noticed in the following cases: *Ballou vs. Talbot,* (16 Mass. R. 461.) *Rice vs. Gove,* (22 Pick. R. 158.)

Greene, C. J., having been of counsel in Jonathan P. Felt vs. The New-Jersey Steam Navigation Company, did not sit in this case.

The opinion of the Court was delivered by HAILE, J.

The points stated by the counsel in this cause, and distinctly made in the statement of the case, relate to the legal construction of the paper or receipt signed by the defendant, and a copy of which is annexed to the agreed statement of facts.

By the judicial decisions in New-England, it may be considered as settled law, that this receipt is a legal contract between the plaintiff and defendant; and such a contract as the plaintiff, as Marshal of the District of Rhode-Island, by long usage, might with propriety make with the defendant, under the circumstances of the case.

What then is the legal liability of the defendant in this contract, and the extent of this liability ?

This must be determined by a fair and reasonable construction of the contract, and the proper application of adjudged cases to its interpretation.

The contract of a receiptor of property held under an attachment by an officer, says Chief Justice Parker, in the case of *Whitney vs. Farewell,* (10 New-Hampshire R. 11,) is a contract *sui generis,* and the rules which govern it are framed to suit the exigencies of the case.

It is a settled rule of construction of contracts, that the intention of the parties must govern when that in-

tention can be clearly inferred from the terms of the contract, and can be fairly carried out consistently with the settled rules of law. Now, the intention of the parties to this contract is clearly and definitely expressed ; it is that the defendant should return the identical coal mentioned in said receipt to the plaintiff, on demand, or pay the amount that might be awarded on final judgment in the case referred to in said receipt, together with costs growing out of the libel therein mentioned.

Can this intention of the parties be carried out and legally enforced ?

From a careful examination of the authorities, we are of opinion that it may and ought to be ; that there was a valuable and sufficient consideration for this contract.

It was at the option of the defendant to stipulate to return the property to the plaintiff on demand, to respond to the judgment which might be recovered in the suit in which it was attached, or to pay the amount of the judgment.

If he had stipulated simply to return the coal, it would have been at his option to return the coal, or to pay the value of the same.

But the defendant has stipulated to return the coal, or pay the amount of the judgment which the attaching creditor might recover.

The payment of the value of the coal would not, therefore, be a performance of this contract. It is the duty of the court so to construe this contract, as to give legal effect to the whole contract, and to every part of it.

The legal construction of a similar receipt was settled by this court at the September term thereof, 1828, in this county, on petition of *Joshua B. Wood vs. Sylvester Hartshorn.*

This was a receipt for printing types attached by Hartshorn as Deputy Sheriff. The types were of the value of $200; and the judgment recovered by the attaching creditor was $165.

The receiptor stipulated to return the types or pay $300.

It was decided that the receiptor having refused to return the property attached, was liable to pay the $300.

The whole current of adjudicated cases in the courts of New-England, sustain the decision of this court as law ; and we find no reason for reversing it.

It is competent for the officer and receiptor, as between themselves, to fix upon the value of the property attached ; and the receiptor is estopped from denying either the attachment of the articles, or their value as specified in the receipt.

The receipt is principally designed for the security of the officer. *Clarke vs. Clough,* (3 Greenleaf R. 357.)

It was contended by the counsel of the Defendant at the trial, that the liability of the receiptor is limited by the liability of the officer, not exceeding the value of the property attached. But we are of opinion that the authorities cited do not sustain this point.

The valuation fixed by the receiptor and officer, is conclusive as between themselves, whether such valuation be more or less than the actual value of the property ; and parol evidence is not admissible to show that the value is different from that expressed in the receipt in an action by the officer against the receiptor. *Parsons vs. Strong,* (13 Vermont R. 235.)

But the officer's liability to the attaching creditor is the actual value of the property attached, or the amount of the judgment received by him.

But if the officer passes over the receipt to the attaching creditor, and the creditor accepts it, he thereby ratifies the act of the officer, and substitutes his claim against the officer for a claim on the receipt, and is entitled to the benefit of the judgment which may be recovered against the receiptor, to the extent of his own judgment against the debtor.

It was further contended, that the coal, being a consumable article, was received to be burned, and that the offer by the defendant to return to the Marshal the same quantity of coal, of the same kind and quality, was a performance of his stipulation in the receipt.

There is no doubt that when the owner of a consumable article loans it to another, under an agreement that it shall be returned in a given time, the return of an article of the like kind and quality within the time, is a substantial performance of the contract of the bailee, where the circumstances are such, as that from them it can be fairly inferred such was the understanding of the parties.

But it is competent for the bailor and bailee to contract that the specific article shall be returned. (Story on Bailments, sec. 416.)

And such being the contract of the parties in this case, it should be so construed as legally to carry their intention into effect, and to accomplish the object for which the receipt was taken ; security to the officer.

For it should be borne in mind that the officer was not the owner of this property ; he had only a special and qualified interest in it by virtue of his office, and by force of the attachment. If other than the identical coal should be returned to him, he could not hold it by virtue

of the original attachment to respond to the judgment of the attaching creditor; nor could he levy the execution upon it, unless it was the property of the debtor.

It was contended that upon this receipt, taken in connexion with the agreed statement of facts, the defendant was not personally liable ; that he acted as agent of the New Jersey Steam Navigation Company, and that the Company alone were liable.

But though the decisions upon this subject are somewhat conflicting, we think the weight of authority is decidedly against this position.

The defendant by this receipt, does not purport to contract for this company ; nor does the receipt name or refer to the company, except as to the title to the property ; but the defendant stipulates personally, to perform this contract. The word agent, added to his name, is merely a descriptive epithet, and can have no definite reference or meaning, unless it can be explained and rendered certain by parol evidence.

If the agent would exonerate himself from personal responsibility, he must at the time of the contract and when the credit is given, disclose the name of his principal.

In contracts under seal, the agent must execute the contract for and in the name of the principal, or the contract will be void. And in written contracts, not under seal, either the agent should execute in the name of the principal, or the body of the agreement should purport, that he contracts in behalf of his principal ; otherwise, the agent makes himself personally liable.

And if the agent binds himself personally, and engages expressly in his own name, he will be held re-

sponsible, though he should give himself the description and character of agent. (2 Kent's Com. 631, last ed.) *Taber vs. Cannon et al.*, (8 Metcalf R. 456.)

But if parol evidence were admissible to explain this receipt, we do not think that the facts disclosed in the agreed statement of facts, would legally change the personal liability of the defendant. These facts do not render it probable that the credit was intended to be given to this company and not to the defendant. And it is no way probable that the plaintiff, as Marshal of Rhode-Island, with his customary care and prudence, intended to give credit to a foreign corporation, rather than to a responsible citizen of this State.

But there is no latent ambiguity in this receipt which can be explained by parol evidence. And, if an agent contract in such a manner as to make himself personally responsible, he cannot afterwards by parol evidence, relieve himself from that responsibility, whether the principal were or were not known at the time of the contract. (Chitty on contracts 106.) *Thompson vs. Davenport*, (2 Smith's leading cases, notes 254.)


The defendant submits to judgment for $6,386 06 and costs.